IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. OROBO OSAGIE,<br><br>    Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF EDUCATION, MARTA REYES, DEBORAH CONNELLY, KEN ASHWORTH, GEORGE MEHAS, WILLIAM GRIFFIN, DAN PIETRO, PHIL GUZMAN, WEST FRESNO SCHOOL DISTRICT SCHOOL BOARD, ADOLPHUS TROTTER, Interim Superintendent State Board Of Education,<br><br>    Defendants.<br>_____/ | No. C 08-5172 CW<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT |

    On November 14, 2008, Plaintiff Dr. Orobo Osagie filed a complaint and a request to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915(a). On January 12, 2009, the Court issued an Order Granting Application to Proceed In Forma Pauperis and Dismissing Complaint with Leave to Amend. On February 25, 2009, Plaintiff filed a first amended complaint (FAC).

    Dismissal prior to service under 28 U.S.C. § 1915(e)(2)(B) is appropriate where no legal interest is implicated, i.e., the claim

is premised on a meritless legal theory, or clearly lacking any factual basis. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Section 1915(e)(2)(B) accords judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 34 (1992). Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. Id.

In the January 12, 2009 Order, the Court concluded that several of the causes of action in the original complaint did not state recognizable claims, that several named Defendants were immune from liability, that Plaintiff had failed to state which Defendants he was suing on each cause of action, and that the third cause of action for violation of Plaintiff's equal protection rights was insufficiently plead.

In his FAC, Plaintiff has deleted most of the claims the Court noted were non-recognizable and has substituted state law claims of negligence, intentional infliction of emotional distress, fraud and intentional deceit, intentional interference with prospective business advantage and breach of contract. Plaintiff has attempted to state two federal claims: the third cause of action labeled "Conspiracy to Violate Plaintiff's Civil Rights" and the sixth cause of action labeled "Conspiracy to Deprive plaintiff of his Civil Rights."

In regard to the conspiracy claim in the third cause of

2

action, Plaintiff alleges that in 2001, the Osagie International Academy Charter School (OIA) received approvals to operate from the West Fresno School Board.  In June, 2005, OIA received a "notice to cure" which resulted in a meeting with Defendants Dr. William Ellerbee Jr., Deputy Superintendent of School District Operations, Marta Reyes, Director of the Charter School Division of the California Department of Education, an individual named Scott Hanan and OIA school board members.  The purpose of the meeting was to resolve any issues relating to OIA's opening and to plan for a new opening date of September, 2005.  All the parties agreed on four problems and that upon curing them, OIA would receive funding it had requested and be allowed to open.  OIA never received the expected approval letter.  Instead, Defendant Ken Ashworth, State Administrator, sent a letter listing ten additional issues to be resolved and indicated that, if they were not resolved by August 25, 2005, OIA's charter would be revoked.  Based on these allegations, Plaintiff claims that Defendants Reyes, Ashworth, Phil Guzman and William Griffin conspired to violate Plaintiff's civil rights.

In the January 12, 2009 Order, the Court explained that, in an amended complaint, Plaintiff must state the specific constitutional right that has been violated.  Here, Plaintiff merely states that Defendants conspired to violate his civil rights.  These allegations are insufficient to state a constitutional claim. Further, to state a claim for conspiracy under 42 U.S.C. § 1983, a plaintiff must allege that the defendants conspired or acted jointly or in concert and that some overt act was done in

3

furtherance of the conspiracy.  See <u>Sykes v. State of California (Dep't of Motor Vehicles)</u>, 497 F.2d 197, 200 (9th Cir. 1974). Plaintiff has failed to state any such allegations.  Therefore, the claim in the third cause of action for a conspiracy to violate Plaintiff's constitutional rights fails to state a claim upon which relief can be granted and is dismissed.

In the conspiracy charge in the sixth cause of action, Plaintiff alleges that he filed a claim with the California Victims Compensation and Government Claims Board (VC&GCB), but that it was rejected on jurisdictional grounds.  Plaintiff attaches the rejection letter from the VC&GCB which states that it has no jurisdiction to consider the submitted claim because the "school was revoked by the West Fresno Unified School District," not the California Department of Education.  Plaintiff alleges that, because the West Fresno School Board is mandated to give notice and list the violations that led to the "revocation," Defendants Ellerbee, Reyes and Debra Connolly violated his civil rights under 42 U.S.C. § 1985 and the First through Fourteenth Amendments of the Constitution.

To state a claim under § 1985, a plaintiff must allege: (1) the purpose of the conspiracy was to deprive the plaintiff of equal protection or to obstruct the course of justice in the state; (2) the defendants intended to discriminate against the plaintiff; (3) the defendants acted under color of state law; and (4) the acts done in furtherance of the conspiracy resulted in an injury to the plaintiff's person or property.  <u>Sykes</u>, 497 F.2d at 200.  Plaintiff fails to allege the elements of a § 1985 conspiracy or that

4

1 Defendants discriminated against him or intended to discriminate
2 against him.  Therefore, any claim under § 1985 must be dismissed.
3   The only possible constitutional claim these allegations could
4 support is a Fourteenth Amendment procedural due process claim.
5 Procedural due process guarantees apply only when a
6 constitutionally-protected liberty or property interest is at
7 stake.  Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th
8 Cir. 1989) (citing Board of Regents v. Roth, 408 U.S. 564, 569
9 (1972)).  "The fundamental requirement of procedural due process is
10 the opportunity to be heard 'at a meaningful time and in a
11 meaningful manner.'"  Matthews v. Eldridge, 424 U.S. 319, 333
12 (1976).  Procedural due process includes the right to notice and
13 the opportunity for a hearing appropriate to the nature of the
14 deprivation.  See Boddie v. Connecticut, 401 U.S. 371, 378 (1971)
15 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306,
16 313 (1950)).
17   Procedural due process is governed by a two-step analysis:
18 (1) first it is determined whether a liberty or property interest
19 exists entitling the individual to due process protections;
20 (2) second, if a constitutionally protected interest is
21 established, a balancing test must be employed to determine what
22 process is due.  Hewitt v. Grabicki, 794 F.2d 1373, 1380 (9th Cir.
23 1986).  A liberty interest protected by the Fourteenth Amendment
24 may arise from two sources -- the Due Process Clause itself and the
25 laws of the states.  Hewitt v. Helms, 459 U.S. 460, 466 (1983),
26 overruled on other grounds by Sandin v. Conner, 515 U.S. 472
27 (1995).

5

1    Plaintiff's due process claim fails for several reasons.
2 First, Plaintiff does not allege what liberty or property interest
3 he has that is protected by procedural due process.  Second,
4 Plaintiff fails to allege how any named Defendant was responsible
5 for denying him any process that was due.  Therefore, this claim is
6 dismissed.

7    Because all federal claims in the complaint are dismissed, the
8 Court lacks jurisdiction over the remaining state law claims.  <u>See</u>
9 U.S. Const. Art. III, § 2; <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511
10 U.S. 375, 377 (1994) (federal courts are courts of limited
11 jurisdiction); 28 U.S.C. § 1332 (federal question jurisdiction
12 exists for civil actions arising under the Constitution or laws of
13 the United States).

14                              CONCLUSION
15    Accordingly, the complaint is DISMISSED without prejudice to
16 refiling the state claims in state court.  Because this dismissal
17 is not a dismissal on the merits, but an exercise of the Court's
18 discretion under the <u>in forma pauperis</u> statute, the dismissal
19 likewise does not prejudice the filing of a paid complaint in
20 federal court making the same allegations.

21
22    IT IS SO ORDERED.
23                                    _____
24 Dated:  4/1/09
                                       CLAUDIA WILKEN
25                                     United States District Judge

6

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

OSAGIE et al,

        Plaintiff,

v.

STATE OF CALIFORNIA DEPARTMENT OF EDUCATION et al,

        Defendant.

Case Number: CV08-05172 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 1, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Orobo Osagie
P.O. Box 426695
San Francisco, CA 94142-6695

Dated: April 1, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

7